IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEINEKEN USA INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| CLEMENS FAMILY CORPORATION, INC., HATFIELD QUALITY MEATS, INC., and HQM, LTD., | ) **COMPLAINT** |
| Defendants. | ) |

08 CIV. 5125

JUDGE CONNER

Plaintiff, HEINEKEN USA INC. ("Plaintiff" or "Heineken"), as and for its Complaint against Defendants, CLEMENS FAMILY CORPORATION, INC., HATFIELD QUALITY MEATS, INC. and HQM, LTD. (collectively, unless the context says otherwise, "Defendants" or "Hatfield"), alleges as follows:

## INTRODUCTION

1. This is a civil action for a declaratory judgment that Plaintiff's use of the phrase "Share the Good" does not violate (i) Defendants' asserted trademark rights in connection with the alleged mark "Share the Goodness," or (ii) any of Defendants' copyrights or equivalent rights in connection with Defendants' alleged Share the Goodness advertising campaign.

## JURISDICTION AND VENUE

2. This case arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the Copyright Act, 17 U.S.C. §§ 101, *et seq.* The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and 15 U.S.C. § 1121.

3. Upon information and belief, this Court has personal jurisdiction over Defendants pursuant to C.P.L.R. §§ 302(a)(2) and/or (a)(3) because Defendants, directly and/or indirectly:

(a) have committed a tortious act against Heineken within the State of New York and in this judicial district, and/or (b) have committed a tortious act without the State of New York causing injury to Heineken within the State and in this judicial district, and Defendants (i) regularly do and/or solicit business, and/or engage in other persistent courses of conduct, and/or derive substantial revenue from products used and/or consumed and/or services rendered in the State and in this judicial district, and/or (ii) expect or should reasonably expect their actions to have consequences in the State and in this judicial district, and Defendants derive substantial revenue from interstate or international commerce.

4.   Upon information and belief, this Court has personal jurisdiction over Defendants pursuant to C.P.L.R. § 301, because Defendants, directly and/or indirectly, continuously, regularly and systematically do business in the State of New York and in this judicial district of such a substantial nature that Defendants should reasonably expect to be subject to suit in New York and in this judicial district.

5.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## BACKGROUND

### The Parties

6.   Plaintiff, HEINEKEN USA INC. ("Plaintiff" or "Heineken"), is a New York corporation located and doing business at 360 Hamilton Avenue, White Plains, NY 10601.

7.   Upon information and belief, Defendant, CLEMENS FAMILY CORPORATION, INC. ("Clemens"), is a Pennsylvania corporation having a place of business located at 2700 Clemens Road, Hatfield, Pennsylvania, 19440. Clemens, directly and/or indirectly, does business in the State of New York and in this judicial district.

8. Upon information and belief, Defendant, HATFIELD QUALITY MEATS, INC. ("Hatfield-QMI"), is a Pennsylvania corporation having a place of business located at 2700 Clemens Road, Hatfield, Pennsylvania, 19440. Hatfield-QMI, directly and/or indirectly, does business in the State of New York and in this judicial district.

9. Upon information and belief, Defendant Hatfield-QMI is a wholly owned subsidiary of Defendant Clemens.

10. Upon information and belief, Defendant, HQM, LTD. ("HQM"), is a Delaware corporation having an address of Nemours Building, Suite 1410, 1007 Orange Street, Wilmington, Delaware, 19801. HQM, directly and/or indirectly, does business in the State of New York and in this judicial district.

11. Upon information and belief, Defendant HQM is a corporate affiliate of Defendant Clemens and/or Defendant Hatfield-QMI.

12. Upon information and belief, Defendants Clemens, Hatfield-QMI, and HQM collectively do business under the trade name "Hatfield" (hereinafter, "Hatfield").

**Plaintiff - Heineken USA Inc.**

13. Heineken is in the business of importing, marketing, distributing and selling beer in the United States. Brands of beer imported into the United States by Heineken include: HEINEKEN, AMSTEL LIGHT, BUCKLER (a non-alcoholic brew), DOS EQUIS, TECATE, SOL, CARTA BLANCA and BOHEMIA.

14. In 2005, Heineken introduced HEINEKEN PREMIUM LIGHT as part of its creation of a new groundbreaking category for so-called "light beers" in the United States. This new "Luxury Light" category leverages consumer preference for consumability with consumer preference for a trade-up to affordable luxuries. In March 2006, Heineken began a national roll-

out of HEINEKEN PREMIUM LIGHT as part of its strategy to expand and optimize the company's product portfolio and to capture an ever-growing share of the premium import specialty segment of the United States beer market.

15. As part of Heineken's continuing efforts to promote the sales of its HEINEKEN PREMIUM LIGHT beer, the company launched in 2008 a new advertising campaign using the phrase "Share the Good." This marketing initiative represents an evolution of the company's marketing communications platform, building on the brand's ongoing success and further establishing HEINEKEN PREMIUM LIGHT as the pioneer of the Luxury Light category.

16. Heineken's business does not include the manufacture, promotion or sale of meat products.

**Defendants - Hatfield**

17. For over a century, the business of Hatfield comprises the production, marketing and sale of pork-based meat products, including: bacon, ham, frankfurters, pork loins, chops, and ribs, ham, and sausage.

18. Upon information and belief, Hatfield uses the phrase "Share the Goodness" only in connection with the marketing and sales of pork-based meat products.

19. The business of Hatfield does not include the production of beer or any other alcoholic beverages.

20. The business of Hatfield does not include the advertising of beer or any other alcoholic beverages.

21. The business of Hatfield does not include the sale of beer or any other alcoholic beverages.

4

22. Upon information and belief, Hatfield operates and/or sponsors a web site whose home page is located at the URL http://www.hatfieldqualitymeats.com (hereinafter, the "Hatfield Website").

23. The Hatfield Website promotes the pork-based meat products of Hatfield. According to the Hatfield Website, Hatfield's products are available for purchase in the State of New York from the following retail grocery stores: D'Agostino's, Hannaford, Kings, Pathmark, Price Chopper, Sam's Club and Shop Rite.

24. Hatfield sells its pork-based meat products in the State of New York, and in this judicial district.

25. Upon information and belief, Defendant HQM claims to be the owner of record of the following purported mark (the "alleged Share the Goodness mark" or the "phrase Share the Goodness") registered with the U.S. Patent and Trademark Office:

| Mark & Registration No. | Registration Number | Registration Date | Goods/Services |
|---|---|---|---|
| SHARE THE GOODNESS | Reg. No.: 3,158,305 | October 17, 2006 | Pork in International Class 29 |

26. Upon information and belief, none of the Hatfield Defendants has used the alleged Share the Goodness mark any earlier than October 2005.

27. The alleged Share the Goodness mark is not famous as defined in Trademark Act Section 43(c)(2)(A), 15 U.S.C. § 1125(c)(2)(A).

28. Upon information and belief, none of the Defendants owns a federal or state registration for the phrase Share the Goodness in connection with beer or any other alcoholic beverages.

29. Upon information and belief, none of the Defendants owns a federal or state registration for the phrase Share the Goodness in connection with the sale of beer or any other alcoholic beverages.

30. None of the Defendants uses the phrase Share the Goodness in connection with production of beer or any other alcoholic beverages.

31. None of the Defendants uses the phrase Share the Goodness in connection with the sale of beer or any other alcoholic beverages.

32. Upon information and belief, none of the Defendants owns a registration issued by the U.S. Register of Copyrights for any works of authorship associated with the marketing and/or sales of pork-based meat products in connection with the phrase Share the Goodness.

33. Upon information and belief, none of the Defendants has applied for a registration from by the U.S. Register of Copyrights for any works of authorship associated with the marketing and/or sales of pork-based meat products in connection with the phrase Share the Goodness.

**Facts Giving Rise to the Instant Dispute**

34. On May 14, 2008, counsel for Hatfield, Rebecca A. Finkenbinder, Esquire ("Ms. Finkenbinder"), wrote a letter ("Hatfield's Letter") to Heineken's President and CEO, Don Blaustein ("Mr. Blaustein"), at his company's offices located in White Plains, New York.

35. Hatfield's letter was written on behalf of each of the above-named Defendants.

36. With respect to the use of the phrase Share the Good for the promotion and sale of beer, Hatfield's letter asserts the following claims against Heineken:

    a. Infringement of, and unfair competition with respect to, the alleged mark Share the Goodness, registered in the name of HQM, Ltd., Inc. [sic] (Reg. No. 3,158,305) for pork products;

    b. Dilution of Hatfield's alleged Share the Goodness mark; and

    c. Infringement of Hatfield's alleged Share the Goodness advertising campaign.

37. Heineken's use of the phrase Share the Good for the promotion and sale of beer:

    a. Does not infringe Hatfield's claimed rights in the alleged mark Share the Goodness for pork products;

    b. Does not constitute unfair competition with respect to Hatfield's use of the phrase Share the Goodness for pork products;

    c. Does not dilute, or likely dilute, Hatfield's alleged Share the Goodness mark; and

    d. Does not infringe any copyrightable work(s) of authorship owned by Hatfield associated with a promotional campaign for, or the marketing and/or sales of, pork-based meat products in connection with the phrase Share the Goodness.

38. Heineken further denies that its use of the phrase Share the Good for the promotion and sale of beer:

    a. Infringes Hatfield's claimed rights in the alleged mark Share the Goodness for pork products;

    b. Constitutes unfair competition with respect to Hatfield's use of the phrase Share the Goodness for pork products;

    c. Dilutes, or likely dilutes, Hatfield's alleged Share the Goodness mark; or

d. Infringes any copyrightable work(s) of authorship owned by Hatfield associated with a promotional campaign for, or the marketing and/or sales of, pork-based meat products in connection with the phrase Share the Goodness.

39. Based on the foregoing, the parties have a definite and concrete dispute touching upon their legal relations having adverse legal interests. The parties' dispute is real and substantial, and may be the subject of specific relief through a decree of conclusive character, as distinguished from an advisory opinion of what the law would be upon a hypothetical state of facts. The parties' dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Hatfield has taken a position that places Heineken in the position of either pursuing what Hatfield claims is illegal behavior or abandoning that which Heineken claims it has a right to do. Hatfield has asserted its trademark rights, and possibly copyrights (presently undefined) based upon certain ongoing activities of Heineken, where Heineken contends it has the right to continue using Share the Good for the promotion and sale of beer without a license or permission from Hatfield.

## COUNT I
### Request for Declaration of Non-Infringement, No Dilution, No Unfair Competition, No Copyright Infringement and Non-Liability for Any Other Purported Violation of the Alleged Trademark Rights or Copyrights of Hatfield.

41. Heineken incorporates by reference paragraphs 1-40 above as if fully set forth at length.

42. Hatfield is unable to show that Heineken has infringed or diluted Hatfield's rights in the alleged mark Share the Goodness under the Trademark Act, and more particularly Trademark Act Sections 32, 43(a), and 43(c), 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c), or any equivalent infringement, unfair competition or dilution cause of action under applicable federal

or state law.

43. Hatfield is unable to show that Heineken has unfairly competed with Hatfield under the Trademark Act, and more particularly Trademark Act Section 43(a), 15 U.S.C. § 1125(a), or any equivalent unfair competition cause(s) of action under applicable federal or state law.

44. Hatfield is unable to show that Heineken has infringed any copyrightable work(s) of authorship owned by Hatfield associated with a promotional campaign for, or the marketing and/or sales of, pork-based meat products in connection with the phrase Share the Goodness under the Copyright Act, and more particularly 17 U.S.C. §§ 101 and 106.

45. Based upon the foregoing, Heineken is entitled to judgment declaring that it has not infringed or otherwise violated the purported trademark rights of Hatfield with respect to the alleged mark Share the Good, the alleged copyrights of Hatfield associated with a promotional campaign for, or the marketing and/or sales of, pork-based meat products in connection with the phrase Share the Goodness, or otherwise unfairly competed with Hatfield, pursuant to 28 U.S.C. §§ 2201 and 2202.

### Relief Requested

Plaintiff, Heineken USA Inc., respectfully requests:

a. Issuance of a judgment declaring that it has not infringed, diluted or otherwise violated the purported trademark rights of Hatfield with respect to its alleged Share the Goodness mark under applicable federal or state law;

b. Issuance of a judgment declaring that it has not unfairly competed with Hatfield regarding its alleged Share the Goodness Mark under applicable federal or state law;

c. Issuance of a judgment declaring that it has not infringed or otherwise violated the

purported the alleged copyrights of Hatfield associated with a promotional campaign for, or the marketing and/or sales of, pork-based meat products in connection with the phrase Share the Goodness;

    d.    Plaintiff's attorneys' fees under the Trademark Act because this is an exceptional case, pursuant to Trademark Act Section 35(a), 15 U.S.C. § 1117(a);

    e.    Plaintiff's attorneys' fees under the Copyright Act in the event that Heineken is the prevailing party, pursuant to the Copyright Act, 17 U.S.C. § 505;

    f.    Plaintiff's costs; and

    g.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Dated: June 3, 2008

By: _____
Jonathan Hudis (JH 1993)
Jordan S. Weinstein (JSW 1970)
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
Fax: (703) 413-2220
E-Mail: jhudis@oblon.com

Attorneys for Plaintiff
HEINEKEN USA INC.